IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:26-CR-16-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JAMES BRIEN COMEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court upon defendant's unopposed motion to continue arraignment and trial (DE 69). Following defendant's waiver of initial appearance in this district, the court set defendant's arraignment for June 30, 2026, with trial upon a not guilty plea to commence July 15, 2026. Subsequently the court granted defendant's unopposed motion for more time, setting defendant's arraignment for September 30, 2026, and, upon a not guilty plea, trial to begin October 21, 2026.

In late July defendant timely filed a number of motions including: a) to dismiss indictment for lack of true threat (DE 32); b) to dismiss indictment for vindictive and selective prosecution (DE 35); c) for disclosure of grand jury proceedings (DE 37); and d) to suppress and for Franks hearing (DE 39). Protracted briefing ensued. The motions now are ripe for decision.

For stated reasons, defendant filed the instant motion to continue September 14, 2026, noting lack of opposition from the government. Waiving his speedy trial rights, defendant seeks to move his arraignment to January 2027, and trial to a time in February 2027.

The court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [the judge's] own motion or at the request of the defendant

or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [the judge's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting a continuance under the "ends of justice" provision, the court must make findings based on a nonexhaustive list of factors, such as the complexity of the case and the time reasonably required by the parties to prepare. See 18 U.S.C. § 3161(h)(7)(B).

The court finds that the ends of justice served by granting the requested continuance and setting arraignment in January 2027, outweigh the best interests of the public and defendant in a speedy trial. The gravity of the charges, pending motions, and the need to provide defense counsel additional time to prepare for trial promote need for continuance. While ready to adhere to the current schedule, implicit in the government's reported statement of no opposition here is its agreement that the ends of justice served by this continuance, for direct benefit of defendant, outweigh the interests of the public in a speedy trial.

For these reasons, the motion is ALLOWED. Following arraignment, upon a not guilty plea, the court then will set the trial date and corresponding filing deadlines

SO ORDERED, this the 25th day of September, 2026.

LOUISE W. FLANAGAN
United States District Judge